STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-13-201
*TDW-CUM/9/10/2013*

RANDALL HOFLAND,

Plaintiff

v.

ORDER

BANGOR DAILY NEWS, et al,

Defendants

STATE OF MAINE
Cumberland, ss, Clerk's Office

SEP 10 2013

RECEIVED

There are four motions pending in the above case:

1. Plaintiff Randall Hofland has filed two motions to compel service by court order in the above-captioned case.

2. Defendant Portland Press Herald has filed a motion to dismiss.

3. Hofland has filed a preliminary objection to that motion and has filed a motion for an extension of time in which to file a more complete response.

The filings of the parties and a review of Superior Court records from other counties reveal that in CV-11-107 (Superior Court, Penobscot County) Hofland previously sued or attempted to sue three of the defendants in this case – the Bangor Daily News, Abigail Curtis, and Walter Griffin. Hofland's claims in Penobscot docket CV-11-107 were dismissed with prejudice, and the dismissal was affirmed by the Law Court. Hofland v. Bangor Daily News, Mem. 12-162 (Dec. 20, 2012).

The Superior Court in CV-11-107 has recently issued an order enjoining Hofland from filing any new state court lawsuits except with court approval. Order dated

August 14, 2013 (Anderson, J.) A similar order has been entered in the U.S. District Court for the District of Maine.[1]

While this action was filed prior to Justice Anderson's August 14, 2013 order and is therefore not covered by that order, the previous dismissal of Hofland's claims against defendants Bangor Daily News, Griffin, and Curtis requires this court to reconsider this court's prior order determining that Hofland is proceeding in good faith. Order dated May 16, 2013 (Cole, J.).

At a minimum the court cannot find that Hofland is proceeding in good faith in relitigating claims that have already been dismissed against defendants Bangor Daily News, Griffin, and Curtis. Nor can the court find that his claims against defendants Bangor Daily News, Griffin, and Curtis are not frivolous. See M.R.Civ.P. 91(b). Accordingly, his claims in this action against those defendants shall be dismissed unless within 21 days Hofland pays the standard filing fee and demonstrates pursuant to the procedure set forth in Justice Anderson's August 14, 2013 order that his claims against those three defendants are not barred by res judicata and have sufficient merit to proceed.[2]

Hofland's pleadings allege that defendant Kevin Miller is a reporter for the Bangor Daily News. In light of the dismissal of Hofland's prior action against the Bangor Daily and Justice Anderson's August 14, 2013 order, the court can no longer determine that Hofland is proceeding in good faith against defendant Miller. As

[1] Hofland v. LaHaye, 2012 U.S. Dist. LEXIS 5534 (D.Me. Jan. 18, 2012).

[2] Justice Anderson's August 14, 2013 order requires that Hofland file a complaint that conforms to notice pleading standards – which his existing pleading does not – and that Hofland must simultaneously file an accompanying request demonstrating that his claims have some potential merit. With respect to his claims against Griffin, Curtis, and the Bangor Daily, Hofland must also demonstrate why his claims against them are not barred by the dismissal of his prior complaints against them.

2

against Miller, the action shall also be dismissed unless within 21 days Hofland files a complaint that conforms to notice pleading standards and demonstrates pursuant to the procedure set forth in Justice Anderson's August 14, 2013 order that his claims against Miller have sufficient merit to proceed.

As for Hofland's claims against the Portland Press Herald, the court agrees with the arguments made in the Press Herald's motion to dismiss that Hofland's complaint fails to state a claim against the Press Herald. Moreover, while Hofland is requesting an extension of time in which to file a more complete response to the Press Herald's motion, the basis of that request is Hofland's desire to submit certain federal court orders and pleadings filed in Hofland v. LaHaye, CV-09-172 (D. Me.) that he states will prove that he had justiciable legal claims in that case "that federal judges conspired to obstruct in violation of federal law including 28 U.S.C. § 1367."[3] The court does not see how pleadings and orders filed in Hofland v. LaHaye will be germane to the issue of whether Hofland's complaint in this case states a claim against the Press Herald, and Hofland's motion for an extension is therefore denied.

In light of the above rulings, the court shall defer action on Hofland's motions to compel service by court order and shall also defer any consideration of the effect of the returns of service that Hofland has recently filed.[4] In the interim, defendants Bangor

---

[3] 28 U.S.C. § 1367 is a statute addressing the supplemental jurisdiction of federal courts over certain related claims.

[4] Those returns of service indicate that service was made on a law firm which, according to Hofland, represents defendants Bangor Daily News, Griffin, Curtis, and Miller. This court had previously permitted Hofland to attempt service by acknowledgment pursuant to M.R.Civ.P. 4(c)(1) by sending acknowledgment forms to counsel representing defendants. See order dated June 17, 2013. However, that order did not dispense with the requirement that defendants must be served in compliance with M.R.Civ.P. 4(d)(1) and 4(d)(8) in the event that acknowledgments of service were not received.

3

Daily News, Griffin, Curtis, and Miller shall not be required to file any responsive pleadings to the complaint.

The entry shall be:

Defendant Portland Press Herald's motion to dismiss is granted. Plaintiff's motion for an extension of time in which to file a further response to that motion is denied.

This action shall be dismissed against defendants Bangor Daily News, Walter Griffin, and Abigail Curtis unless plaintiff pays the standard filing fee, files a complaint that conforms to notice pleading standards, and demonstrates pursuant to the procedure set forth in Justice Anderson's August 14, 2013 order that this action is not barred against defendants Bangor Daily News, Griffin, and Curtis by res judicata and that his claims against them have some potential merit.

This action shall be dismissed against defendant Kevin Miller unless plaintiff files a complaint that conforms to notice pleading standards and demonstrates pursuant to the procedure set forth in Justice Anderson's August 14, 2013 order that his claims against defendant Miller have some potential merit.

In the interim defendants Bangor Daily News, Griffin, Curtis, and Miller shall not be required to file any responsive pleadings to the complaint

The Clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: September _10_, 2013

Thomas D. Warren
Justice, Superior Court

4

RANDALL B HOFLAND VS PORTLAND PRESS HERALD
UTN:AOCSsr  -2013-0042736                          CASE #:PORSC-CV-2013-00201
--------------------------------------------------------------------------

01 0000000258          PIPER, JONATHAN
    ONE CITY CENTER PO BOX 9546 PORTLAND ME 04112-9546
    F      PORTLAND PRESS HERALD (DISMISSED 09/10/1 DEF        RTND    08/22/2013